United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 21, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-50036 |
| FABIAN MASCARENO | § | |
| and | § | CHAPTER 7 |
| NIEVES EVELYN ARIAS, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| RUBEN ERNESTO VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-5001 |
| | § | |
| FABIAN MASCARENO, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is the dischargeability complaint of Ruben Ernesto Vasquez ("Vasquez") pursuant to 11 USC §523(a)(2). For the reasons so stated, the Court finds that Vasquez has failed in his burden of proof and the debt owed by the defendant, Fabian Mascareno ("Mascareno") to Vasquez should be discharged, and his complaint is in all things denied.

Trial was held on March 20, 2025. This is a "core" proceeding arising only under the Bankruptcy Code.[1] Two witnesses testified, Vasquez and Mascareno, and each give different versions of the same set of facts.

Three individuals were operating a business known as the Gold Spot. Whether the Gold Spot was an LLC or a d/b/a was open to some confusion, but Mascareno, Carlos Del Angel and Eduardo Vasquez -- the plaintiff's brother -- were the principals of Gold Spot. In 2013, they

---

[1] 28 USC § 157(b)(2).

approached Vasquez about a loan for cash flow in their business. Gold Spot bought gold and silver from the public in Laredo and sold it in San Antonio to what appears to be a gold recycler. Their profit was based on the difference between what they paid to the public and the price they received selling it to the recycler.

A loan of thirty thousand dollars ($30,000.00) was memorialized by a promissory note executed on April 22, 2013, signed by the three principals of Gold Spot, however, Gold Spot was not a maker of the note. The three principals were jointly and severally liable on the debt. The loan called for payments of $790.22 per month at 12% interest for 48 months. Payments were made by Gold Spot until January of 2014, when Gold Spot issued Vasquez an NSF check. Thereafter, the three principals started making individual payments of $263.35, basically, a third of the note payment each month. At some future point, the principals defaulted as full payments were not made on the note. While there was testimony that a principal paid his partial payments in full -- Vasquez's brother -- and two others did not, who paid what is immaterial. Full payments were not made, the loan defaulted, and they were all jointly and severally liable on the note.

Later, Vasquez sued the defendant Mascareno and Carlos Del Angel and received a default judgment for ten thousand, four hundred twenty-nine dollars and two cents ($10,429.02) on March 9, 2017. There was testimony that the current payoff is above thirty thousand dollars ($30,000.00). The current payoff is immaterial to this ruling. Vasquez chose not to sue his brother on the explanation that he had fully paid his *pro rata* share of the note.

Mascareno filed a Chapter 7 bankruptcy almost seven years later, on March 22, 2024, and this adversary case followed. As plead by Vasquez:

> Plaintiff loaned Defendant money based upon oral and written representations made by Defendant concerning the financial condition of the Defendant and the jewelry store which were not true and were materially false. Defendant stated the he needed the loan to continue to operate his jewelry business (although loan was

made only to them personally and not to the LLC) and that they had the ability to re-pay the loan with the business proceeds and that therefore - they were going to be able to pay timely pursuant to the terms of the contract. In fact, at the time of the loan, they had already decided to close the business and did not or were not going to be able to make payments as promised. Debtor thus provided false financial information to induce Plaintiff to make loan when in fact he knew or should have known that at the time he took out the loan, he was not going to be able to repay it back.

The plaintiff Vasquez is a lawyer. Whether by drafting error or negligence, the claims that there were written representations were false. The only claims held by Vasquez were that the principals, including Mascareno, made oral representations that the business of Gold Spot was sound, would continue to operate, and that business proceeds would be used to repay the loan. Vasquez claimed these representations were made by all three principals, and he believed them because he trusted his brother.

Mascareno description of the fact is somewhat different. He admits meeting with Vasquez around ten times prior to the note being signed but he made no oral representations regarding the business other than they needed cash to fund business operations. Irrespective of whom the Court believes, and the Court notes that these conversations occurred over 12 years ago, the complaint of Vasquez fails on other grounds.

Section 523(a)(2)(A) excepts from discharge any debt owed by an individual debtor to the extent obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

"[T]he standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard."[2] "Nondischargeability must be established by a preponderance of the evidence."[3]

---

[2] *Grogan v. Garner*, 498 U.S. 279, 291 (1991).
[3] *Countrywide Home Loans, Inc. v. Cowin (In re Cowin),* 864 F.3d 344, 349 (5th Cir. 2017).

Vasquez, in order to have succeeded at trial, must have proved that the transaction between himself and Mascareno met every element in that subsection of 523. The general requirements require proof of the following five elements:[4]

1. That the debtor made the representations
2. That at the time he knew they were false
3. That he made them with the intention and purpose of deceiving the creditors
4. That the creditor relied on such representations
5. That the creditor sustained the alleged loss and damage as the proximate result of the representations having been made

Irrespective of elements 1, 4 and 5 above, the Court holds that Vasquez has failed in his burden of proof as to elements 2 and 3. There is insufficient evidence to hold that Mascareno, if he made the representations as alleged -- the Court is unsure that he did -- knew the statements he made were false and made with the intent to deceive. Other than conflicting testimony between the two witnesses about oral representations that occurred over 12 years ago, there was no other testimony or documentary evidence regarding falsehood or an intent to deceive. The Court notes that this was a four-party transaction between the plaintiff, defendant, the plaintiff's brother, and Carlos Del Angel and the Court only heard from two of the parties. There is a lack of corroborating testimony, and again, other than a promissory note, no documentary evidence of the representations made either before or at the time the note was executed.

Typically, an "intent to deceive may be inferred from 'reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation."[5] The relevant "intent to deceive may be inferred from use of a false financial statement."[6] Here, the

---

[4] *Bates v. Selenberg (In re Selenberg)*, 856 F.3d 393, 398 (5th Cir. 2017).
[5] *In re Acosta*, 406 F.3d 367, 373 (5th Cir. 2005) (quoting *In re Norris*, 70 F.3d 27, 30 n.12 (5th Cir. 1995)), abrogated on other grounds by *Ritz*, 136 S. Ct. at 1581.
[6] *In re Young*, 995 F.2d 547, 549 (5th Cir. 1993).

Court finds nothing in the evidence to support a finding that Vasquez met his burden as to elements 2 and 3. A discussion of the further elements is moot.

The defendant has made a request for an award of attorney's fees in defense of this adversary proceeding. That request is denied. Section 523(d) of title 11 provides that "[i]f a creditor requests a determination of dischargeability of a consumer debt under [§ 523](a)(2) . . . and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust."[7]

The purpose of § 523(d) is to discourage creditors from requesting a determination of dischargeability of a consumer debt under § 523(a)(2) when the debtor has dealt honestly with the creditor. Without such a provision, debtors might settle for owing a reduced sum or reaffirm their debt in order to avoid litigating the nondischargeability action, even when the merits of the creditor's claim are weak.[8] Here, the Court holds that the debt was a business loan, not a consumer debt and as such attorney's fees are not recoverable by the defendant.

Accordingly, the complaint of the plaintiff Ruben Ernesto Vasquez is in all things denied. The request of the defendant Fabian Mascareno for an award of attorney's fees for defense of the adversary proceeding is also denied. The Court will enter a separate take nothing judgment.

**SO ORDERED**.

SIGNED 03/21/2025

Jeffrey Norman
United States Bankruptcy Judge

---

[7] 11 U.S.C. § 523(d).
[8] *See* H.R. Rep. No. 95-595, at 130–32 (1977).